9. While the respondent, Ann McDowell, was being examined as a witness in her own behalf she was asked on direct examination the question, "State whether or not you have made application to be guardian for the child in Early County." The question was objected to on the ground that the answer sought to be elicited was not material and was illegal. The court sustained the objection, and refused to allow the witness to answer the question. This ruling was assigned as error, "because contrary to law." This ground of exception is insufficient, because it fails to state the answer that the witness would have given if she had been permitted to testify.

10. Under the evidence the judge did not abuse his discretion in awarding the custody of the child to the petitioner.

*Judgment affirmed.　All the Justices concur.*

No. 6402. JULY 10, 1928. REHEARING DENIED AUGUST 22, 1928.

Habeas corpus. Before Judge Yeomans. Early superior court. November 12, 1927.

*Lowrey Stone* and *C. W. Worrill,* for plaintiffs in error.

*A. H. Gray,* contra.

---

TYLER *v.* BARTLETT *et al.*

GILBERT, J. The verdict is supported by evidence. None of the grounds of the motion for new trial show error.

*Judgment affirmed.　All the Justices concur.*

No. 6551. JULY 12, 1928. REHEARING DENIED AUGUST 22, 1928.

Equitable petition. Before Judge Pomeroy. Fulton superior court. February 28, 1928.

Minnie Dorris Tyler filed her petition alleging that she was the only heir at law of her mother, Elizabeth Tyler Grow, except her stepfather, who had executed to petitioner his deed to the property here involved; that her mother died intestate, leaving no debts; that Bartlett & Hall, realty brokers, claimed that her mother died indebted to them in the sum of $1625, to collect which they had sued out an attachment; that, though her mother was not indebted to these claimants, Bartlett had procured his own appointment as an administrator of the estate of petitioner's mother by false and fraudulent representations and thereby had secured an order to sell said realty left by her mother. She prayed that title be decreed in her, that Bartlett's appointment be canceled, that the order of sale (under which the property had actually been sold for $200 when it was worth $2500) be decreed null and void; and for injunction to pre-

vent her title from being interfered with. She amended and set up her non-residence and ignorance of the fact of Bartlett's application for letters of administration until the time of filing suit. Bartlett & Hall answered setting up that the Grow indebtedness to them was a commission due for selling another piece of property, and they prayed a judgment for same against plaintiff and against Bartlett as administrator. It was shown on the trial that Mrs. Grow and Minnie Dorris Tyler had each executed under seal, with due attestation, powers of attorney to J. O. Wood to sell property, in the following terms: "constitute and appoint J. O. Wood my true and lawful attorney for me and in my place and stead to act in my behalf in all matters relating to the sale and purchase of my Howell's Mill Road, Fulton County, Georgia, property such as execution of deed to purchaser and execution of any other agreement or instrument necessary to the consummation of the sale of this property; giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do if personally present." It was further shown that said attorney had engaged one Williams as an assistant in making a sale; and Bartlett and Hall gave evidence to the effect that Williams was their agent and used their office. Bartlett testified that he applied for letters of administration because he was a creditor of Mrs. Grow's estate and saw no other way to get administration and collect his debt. It was shown that the purchaser at the administrator's sale of the property here involved had deeded it back to the administrator, which eliminated him. The questions submitted to the jury appear to have reduced themselves, under agreement of counsel, to the validity of Bartlett's appointment as administrator, and whether Bartlett & Hall are entitled to a judgment against the administrator or Minnie Dorris Tyler or against both. The jury found in favor of Bartlett's appointment, and a verdict for $650 with interest in favor of Bartlett & Hall as against plaintiff and the administrator. The plaintiff moved generally and specially for a new trial. The motion was overruled, and she excepted.

*Oliver C. Hancock* and *Scott & Hornbuckle,* for plaintiff.

*Hewlett & Dennis,* for defendants.